UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Tammy Watts<br><br>　　　　　Plaintiff,<br><br><br><br><br>　　-v.-<br><br>Credence Resource Management LLC<br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tammy Watts (hereinafter, "Plaintiff"), a Florida resident, brings this Complaint by and through her attorneys, Zeig Law firm, LLC, against Defendant Credence Resource Management LLC (hereinafter "Defendant CRM"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act ("The FDCPA" or "The Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that

1

"'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) as this is the defendant's primary place is business.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

6. Plaintiff brings this action on behalf of a class of Florida consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

7. Plaintiff is seeking damages and declaratory relief.

## PARTIES

8. Plaintiff is a resident of the State of Florida, County of Hillsborough, residing at 14813 Opal Ridge. Wimauma, FL 33598.

9. Defendant CRM is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 17000 Dallas Parkway, Suite 204, Dallas TX 75248 and can be served upon their registered agent, Corporation Service Company 1201 Hays Street, Tallahassee, FL 32301-2525.

## FACTUAL ALLEGATIONS

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

11. Some time prior to November 8, 2019, an obligation was allegedly incurred to AT&T Mobility.

12. The AT&T Mobility obligation arose out of transactions, whose purpose were primarily for personal, family or household purposes, specifically telecommunication services.

13. The alleged AT&T Mobility obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

14. AT&T Mobility is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

15. AT&T Mobility or a subsequent owner of the AT&T Mobility debt contracted with the Defendant CRM to collect the alleged debt.

16. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation  – November 8, 2019 Collection Letter*

17. On or about November 8, 2019, Defendant CRM sent Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Defendant CF. See a true and correct copy of the Letter attached as Exhibit A.

18. The collection letter states: "The amount referenced above has been placed with Credence Resource Management LLC for collection. Your creditor has authorized our office to accept a payment in the amount of $1021.29 to resolve your account for less than the full amount owed.  This is a savings to you of $549.93.  We are not obligated to renew this offer."

19. Defendant's attempt to collect a debt from the Plaintiff, was an illegal practice.

20. Defendant's attempt to collect a debt from the Plaintiff, constitute the threat to take an action that cannot legally be taken or that is not intended to be taken because Defendant was aware or should have been aware that Plaintiff did not owe this debt.

21. Plaintiff never had the account listed on the letter, and therefore never owed the amount listed on Defendant's letter.

22. Defendant's attempt to collect a debt from the Plaintiff, constitutes harassment and unfair and unconscionable means to collect a debt.

23. Defendant's attempt to collect a debt from Plaintiff were deceptive and misleading.

24. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged by causing her emotional distress, fear, confusion and causing her to expend time and resources to retain an attorney to defend her consumer rights.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
*et seq.*

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

26. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

27. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

28. Defendant violated §1692e:

   a. As the Letter was attempt collection a debt no longer owed by Plaintiff in violation of §1692e (2), and §1692e(5).

   b. By making a false and misleading representation in violation of §1692e(10).

29. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

30. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

31. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

32. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

33. Defendant violated this section by falsely threatening the Plaintiff that this debt was owed.

34. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692d *et seq.*

35. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

36. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

37. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

38. Defendants violated this section by collecting a debt which was not owed.

39. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

40. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Tammy Watts, individually and on behalf of all others similarly situated demands judgment from Defendant CRM as follows:

1. Awarding Plaintiff statutory damages;

2. Awarding Plaintiff actual damages;

3. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

4. Awarding pre-judgment interest and post-judgment interest; and

5. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated:  November 6, 2020                                **ZEIG LAW FIRM, LLC**
*/s/ Justin Zeig*
Justin Zeig, Esq.
FL Bar No. 112306
3475 Sheridan Street, Suite 310
Hollywood, FL 33021
Telephone: 754-217-3084
Fax: 954-272-7807
justin@zeiglawfirm.com
*Attorneys for Plaintiff*